IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENEISE INGRAM, as Legal Guardian for KAREN CHANDLER,<br><br>    Plaintiff,<br><br>v.<br><br>COVENANT CARE MIDWEST, INC., d/b/a NEBRASKA SKILLED NURSING AND REHABILITATION, and COVENANT CARE, INC.<br><br>    Defendant. | CASE NO. 8:09-cv-110<br><br>MOTION TO COMPEL DISCOVERY |

COMES NOW the plaintiff, Deneise Ingram, as Legal Guardian for Karen Chandler, and asks the Court, pursuant to Fed. Civ. Pro. 37(a) and NECivR 7.1(i), for an order compelling the defendants to (1) fully answer Interrogatories propounded by the plaintiff, (2) produce documents and materials which are the subject of the plaintiff's motion to produce documents previously served upon the defendants.

In support of this motion, the plaintiff offers an Evidence Index that includes the pertinent responses by defendants to plaintiff's Interrogatories (Exhibit 1), the pertinent responses by defendants to plaintiff's Requests for Production (Exhibit 2), the December 11, 2009 letter from plaintiff's counsel to defense counsel (Exhibit 3) with respect to these issues, and the Affidavit of Matthew G. Miller (Exhibit 4) with respect to follow-up discussions had with defense counsel.

In her Interrogatories to the defendants, the Plaintiff has inquired with regard to any other claims or lawsuits made by any resident of the nursing home in question, as set forth in Interrogatories no. 4 and 5 in the Evidence Index, Exhibit 1. The plaintiff has asked the

defendants to set forth the name and address of each nursing home, hospital, convalescent center or other health care facility owned or operated by the defendant in which the defendant has a greater than 5% interest. See Interrogatory 6, Evidence Index, Exhibit 1. The plaintiff has asked the defendant to fully identify each employee of the nursing home who may have participated in any way in the operations or management of the nursing home during the residency of the plaintiff in this case. See Interrogatory No. 7 Evidence Index, Exhibit 1. Lastly, the plaintiff has asked the defendants to identify all members of the governing body for the nursing home during the nursing home residency at issue in this case and contact information for such individuals. See Interrogatory No. 12, Evidence Index, Exhibit 1. The defendants have objected to all of the above Interrogatories as being vague, overly broad, unduly burdensome, further that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

In her Request for Production of Documents the plaintiff has asked the defendant to produce true and correct copies of all incident and or accident reports prepared at the nursing home during the nursing home residency at issue in this action. See Evidence Index, Exhibit 2, Request for Production 2.

The Plaintiff has requested the defendants to produce a copy of any contract between the nursing home and the medical director during the plaintiff's residency in defendants facility and asks the defendant to set forth the specific duties that the medical director must perform, proof of certification, copy of his or her license and whether or not the physician had ever been disciplined or suspended by an applicable State authority. See Evidence Index, Exhibit 2, Request for Production 6.

The Plaintiff has requested the defendant produce true and correct copies of all residency census reports to include acuity levels at the nursing home for the nursing home residency at issue in this case and has offered that the names of residents other than the resident at issue may be redacted. See Evidence Index, Exhibit 2, Request for Production 9.

The Plaintiff has requested the defendant produce true and correct copies of any and all budgets prepared by the nursing home for the purpose of operating the nursing home during the nursing home residency at issue in this case.  See Evidence Index, Exhibit 2, Request for Production 10.

The Plaintiff has requested the defendant produce true and correct copies of any and all documentation maintained by the nursing home for each employee of the nursing home such information to include employment application, employment verification information, criminal background information, licensing certification, disciplinary information, including reprimands and complaints by third parties, documents submitted by the employee regarding complaints, performance evaluations for the employee, along with termination and resignation letters.  See Evidence Index, Exhibit 2, Request for Production 11.

Lastly, the plaintiff has requested the defendant produce a copy of the corporate structure of the nursing home to include any and all corporate and organizational charts created or made at any time during the nursing home residency at issue.  See Evidence Index, Exhibit 2, Request for Production 15.

The defendant has objected to all of the above Request for Production, claiming that the requests are vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

As set forth in the plaintiff's Brief in Support of Plaintiff's Motion to Compel Discovery, the plaintiff has alleged in her Complaint that the defendant made corporate and managerial decisions that resulted in the defendant facilities being understaffed and staffed by people that were not competent to provide adequate care to the plaintiff with the end result that the plaintiff suffered bilateral amputation of her legs. As set forth in the plaintiff's Brief in Support of Plaintiff's Motion to Compel Discovery, the above Interrogatories and Request for Production of Documents go directly to the issues set forth in the plaintiff's Complaint and are necessary in order for the plaintiff to secure the evidence necessary to support her claim.

Therefore, the plaintiff asks this Court to order defense counsel to fully answer Interrogatories Nos. 4, 5, 6, 7 and 12 and to produce the documents requested in Request for Production Nos. 2, 6, 9, 10, 11 and 15.

Dated this 16th day of April, 2010.

        DENEISE INGRAM, as Legal Guardian for
        KAREN CHANDLER, Plaintiff

        By   s/ Matthew G. Miller
            Matthew G. Miller, #19092
            6910 Pacific Street, Suite 200
            Omaha, Nebraska 68106
            (402) 558-4900
            (402) 558-4906 (Facsimile)
            matt@mgmillerlaw.com
            ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of April, 2010, I electronically filed and the foregoing document with the Clerk of the Court by using the CM/ECF system which sent notification of such filing upon all parties who filed an appearance or motion by electronic filing in this case to the following:

>Jack D. Williams
>Robert M. Slovek
>Heather H. Anschutz
>Kutak Rock, LLP, Omaha
>The Omaha Building
>1650 Farnam St.
>Omaha, NE  68102-2186
>Phone: (402) 346-6000
>Fax:    (402) 346-1148
>E-Mail: jack.williams@kutakrock.com;  robert.slovek@kutakrock.com, heather.anchutz@kutakrock.com; barbara.brown@kutakrock.com, lea.coffman@kutakrock.com

　　　　　　　　　　　　　　　　　　　　　　s/  Matthew G. Miller