# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENEISE INGRAM, as Legal Guardian for KAREN CHANDLER, ) ) ) | |
| Plaintiff, ) ) | 8:09CV110 |
| vs. ) ) | ORDER |
| COVENANT CARE MIDWEST, INC., d/b/a/ NEBRASKA SKILLED NURSING AND REHABILITATION and COVENANT CARE, INC. ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery (Filing No. 39). The plaintiff filed a brief (Filing No. 40) and an index of evidence (Filing No. 39-1 and 39-2) in support of the motion. The defendants filed a brief (Filing No. 45) in opposition to the motion and requesting oral argument, and an index of evidence in support of the brief (Filing No. 46). The plaintiff did not file a brief in reply.

## BACKGROUND

The plaintiff, Deneise Ingram (Ingram), is Karen Chandler's (Chandler) legally appointed guardian. **See** Filing No. 1 - Notice of Removal, Complaint, ¶ 1. According to the complaint, Chandler, a vulnerable adult, was admitted to the defendants' skilled nursing facility, Nebraska Skilled Nursing and Rehabilitation (NSNR), on or about March 12, 2008. **Id.** ¶ 2. Ingram alleges the defendants provided negligent treatment to Chandler, causing her to become so severely dehydrated she suffered irreversible vascular damage which required amputation of both of her legs. **See** Filing No. 1 - Notice of Removal, Complaint. Ingram filed her complaint in the District Court of Douglas County on February 25, 2009. **See Id**. The defendants removed this matter to the United States District Court for the District of Nebraska on March 26, 2009. **See** Filing No. 1 - Notice of Removal.

In her motion to compel, the plaintiff moves the court for an order compelling answers to interrogatories and production of documents. **See** Filing No. 40 - Motion, p. 1.

The plaintiff originally requested the court compel answers to Interrogatories Nos. 4, 5, 6, 7, 12 and Request for Document Production Nos. 2, 6, 9, 10, 11, 15.  **See** Filing No. 39. The interrogatories at issue generally requested the following information: whether the defendants have ever been a party to any action involving any resident or previous resident of the nursing home; all other health care facilities owned or operated in which the defendants have a greater than five percent interest; the identity of each employee of the nursing home who may have participated in the operations or management during Chandler's residency; and the identity of all members of the governing body of the nursing home during Chandler's residency.  **See** Filing No. 40.  The requested documents generally sought the following information: copies of all incident or accident reports at the nursing home during Chandler's residency; a copy of the medical director's contract with the nursing home setting forth the specific duties the medical director must perform; copies of all residency census reports to include acuity levels at the nursing home; operating budgets prepared by the nursing home; copies of all documentation maintained on each employee at the nursing home; and a copy of the corporate and organizational charts of the nursing home.  **Id.** at 5-6.

In its response brief, the defendants state that supplemental responses were provided to all of the Interrogatories, and all but one of the Requests for Production of Documents at issue, after the plaintiff filed the instant Motion to Compel.  **See** Filing No. 45 - Opposition to Motion.  The defendants provided supplemental responses to the Interrogatories and Requests for Production of Documents on April 30, 2010.  **See** Filing No. 45, and Exhibits  at Filing 46-8 (Supplemental Answers).  Following a review of the defendants' responses, the only remaining discovery request at issue is Request No. 11 which states, in part, "Please produce a true and correct copy of any and all documentation maintained by the nursing home for each employee of the nursing home, as required by applicable laws and regulations, who worked at the nursing home during the residency at issue. . . ."  **See** Filing Nos. 45, and 39-2 - Plaintiff's Index of Evidence.   The request goes on to list a number of information items including applications for employment, criminal background checks, licensing certifications, and disciplinary information, among other things.  **Id.**

In support of this request, the plaintiff reiterates her allegation that the defendants failed to staff the nursing home facility with an adequate number of properly trained personnel. **See** Filing No. 40, p. 8. The plaintiff believes she is entitled to the requested information as it goes directly to the issue of the qualifications of the staff hired by the defendants, given that Chandler dehydrated so severely over the course of her stay at the defendants' facility. **Id.** In response, the defendants stand on their original objection that the request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged and/or confidential information. **See** Filing No. 45, p. 10. Further, the defendants argue the plaintiff has not met her threshold burden of demonstrating the relevance of this information and is not entitled to the documents as a matter of law. **Id.** at 11.

First, the defendants claim the information sought is irrelevant to the plaintiff's claim. **Id.** While the defendants recognize that tantamount to plaintiff's claim is the allegation the nursing facility was inadequately staffed, the defendants note the plaintiff has failed to demonstrate how documents, including employee applications and resignation letters, could prove the applicable standard of care, NSNR's alleged deviation from the standard of care, or how NSNR's alleged breach caused Chandler's injuries. **Id.** at 12. The defendants claim their additional discovery responses demonstrate the facility at issue was more than adequately staffed, and the plaintiff can draw her own staffing conclusions from the information already provided. **Id.** at 13.

Second, the defendants claim the request for employee files is unduly burdensome and harassing. **Id.** According to the defendants, the requested information was not limited by time, location or subject matter, and demanding information concerning other non-party facilities owned by Covenant Care, a holding company, during other time periods, and/or for other types of claims is not only irrelevant but unduly burdensome and harassing. **Id.** at 13-14. Additionally, if the defendants were to produce the files of all persons employed by NSNR at any given time, there would be over a hundred individuals including kitchen and custodial workers, most of whom had little or no contact with Chandler. **Id.** at 14. The defendants produced a list of individuals who specifically provided care to Chandler. The defendants argue the list provides the relevant information without being overly broad. **Id.**

Finally, the defendants argue information concerning "confidential non-party personnel records" is confidential and protected under Nebraska law, absent a compelling showing of evidence. **Id.** at 14-15 (***citing*** *Kaufman v. Western Sugar Co-op, Inc*., 2007 WL 2509480 at *4 (D. Neb. Aug. 29, 2007)*). Here, the defendants argue the plaintiff has not made a compelling showing of why the requested non-party employee files are relevant, and therefore Request No. 11 should be denied because it seeks production of confidential personnel information. **Id.** at 15. In addition, the defendants argue the plaintiff is requesting information and documents necessary to justify an award of punitive damages. **Id.** However, punitive damages are not recoverable under Nebraska law, making this request irrelevant. **Id.** at 15-16. For the foregoing reasons, the defendants request the court to deny the plaintiff's motion to compel.

## ANALYSIS

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As a starting point, parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action. **See** *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information,

which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

To determine if a matter is discoverable, the analysis requires the court to first determine whether the discovery sought is relevant to a claim. "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.*  If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter. "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

The court finds the plaintiff has not met her burden of showing the relevance of the information requested in Request for Production of Documents No. 11.  The request seeks information concerning any and all employees of NSNR, most of whom had no contact with Chandler and whose job had little or no impact on her care.  The court agrees with the defendants that other documents and answers to interrogatories already provided to the plaintiff should be sufficient to support or refute her allegations of inadequate staffing by the defendants.  Additionally, the court agrees the request is overbroad and unduly burdensome and not likely to lead to the discovery of admissible evidence.  Most important to the plaintiff's claim is disclosure about which of NSNR's employees specifically provided care and treatment to Chandler.  This information has already been provided and the court finds no compelling legal or factual reason why other employees must be identified and their confidential employment files disclosed.  Accordingly, the motion to compel will be denied.

Although neither party specifically requests sanctions, under the Federal Rules of Civil Procedure the court must assess reasonable expenses against the movant, if the motion to compel is denied, unless "the motion was substantially justified or other circumstances make an award of expenses unjust."  **See** Fed. R. Civ. P. 37(a)(5)(B).  The court finds the plaintiff has shown substantial justification for her position as to the discovery addressed herein by asserting legitimate reasons for several of the arguments,

though not all were found to be supportable.  Under the circumstances, the court will not assess Fed. R. Civ. P. 37 expenses against the plaintiff.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel (Filing No. 39) is denied.
2. The defendant's request for oral argument (Filing No. 45) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 18th day of May, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge